UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX SAVCHUK,

                       Petitioner,

Case No. 08-14400
Honorable David M. Lawson

v.

DOCTOR LAYDUM,

                       Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Alex Savchuk, presently confined at the Walter P. Reuther Psychiatric Hospital in Westland, Michigan, has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was charged with felonious assault and found not guilty by reason of insanity in the Wayne County, Michigan circuit court. The petitioner now claims that he was denied his right to file an appeal. The respondent asserts in an answer to the habeas petition that the petitioner's claim lacks merit and is barred by the statute of limitations. The Court agrees. Therefore, the petition will be dismissed.

I.

In 1993, the petitioner was charged with assault with a dangerous weapon (felonious assault), *see* Mich. Comp. Laws § 750.82, with the third-offense habitual offender enhancement, *see* Mich. Comp. Laws § 769.11. On January 12, 1995, the Wayne County, Michigan circuit court jury found him not guilty by reason of insanity, and he was committed to the Center for Forensic Psychiatry for determination of whether he met the criteria of a person requiring treatment, *see* Mich. Comp. Laws § 330.2050(1). The habitual offender notice was then dismissed. On February 6, 1995, the petitioner submitted a notice of appeal to the Michigan Court of Appeals. He alleged that the trial

court deprived him of his right to an appeal by informing him that he could not appeal the jury's decision because he was found not guilty. The Michigan Court of Appeals dismissed the petitioner's case without prejudice for failure to file the appeal in conformity with Michigan Court Rule 7.201(B)(3), requiring that the plaintiff supply the items required in support of his case within twenty-one days of the issuance of the order of deficiency. *See People v. Savchuk,* No. 182978 (Mich. Ct. App. Aug. 23, 1995). The petitioner did not appeal that decision to the Michigan Supreme Court.

The petitioner signed and dated his habeas corpus petition in this case on October 12, 2008. His sole claim is that he was denied his right to an appeal when the trial court failed to provide him with the necessary papers and commented that he was not entitled to an appeal.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, governs the filing date for the habeas application in this case because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc) (case filed thirteen days after the limitations period expired dismissed for failure to comply).

A Michigan prisoner's conviction becomes "final" fifty-six days after the Michigan Court of Appeals renders its decision if the prisoner does not appeal to the Michigan Supreme Court. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (holding that a conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires). In this case, the petitioner's conviction became final for purposes of section 2244(d)(1)(A) in 1995, when his direct appeal concluded. The AEDPA was enacted the following year. For prisoners like the petitioner whose conviction became final before the AEDPA was enacted, there was a one-year grace period, or until April 24, 1997, to file their habeas petitions. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). The petitioner filed his habeas corpus petition over eleven years later, in 2008. Therefore, absent tolling, his habeas petition is time-barred.

The petitioner further alleges that the statute of limitations should be equitably tolled because the trial court refused to give him the papers he needed to appeal the jury's decision and because for years he was insane and unable to think properly.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to be entitled to equitable tolling, a habeas petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Sixth Circuit considers five factors to determine whether it would be appropriate to

equitably toll the statute of limitations in a habeas case: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *id*. at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period, *id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling of the one-year limitations period. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The one-year statute of limitations may also be equitably tolled by a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir .2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 590 (quoting *Schlup*, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590. The Sixth Circuit has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Sixth Circuit has emphasized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Ibid*. (quoting *Schlup*, 513 U.S. at 321).

Absence of prejudice to the respondent is not an independent basis for invoking the doctrine

of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and the petitioner has not alleged that he lacked notice or knowledge of the filing requirement. Nor has he demonstrated that he was diligent in pursuing his claims. The remaining question is whether some extraordinary circumstance prevented the petitioner from filing a timely habeas petition.

Although the petitioner claims that he was insane and unable to think properly for years after his jury trial, "there is no absolute rule that would require tolling whenever there is mental disability." *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906 (1st Cir. 1987). Federal cases counsel against an absolute rule of tolling on insanity grounds and argue in favor of a case-specific analysis. *Id*. at 906-07. In other words, "mental incompetence is not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (citations omitted).

The record indicates that the petitioner submitted a coherent, handwritten *pro se* appeal twenty-one days after he was found not guilty by reason of insanity. He also filed a petition for appointment of counsel, which said nothing about the need for an attorney due to mental problems. Instead, the petitioner stated that he was a layman who was unable to retain an attorney and had no access to a law library at the Forensic Center where he was confined. The petitioner has failed to demonstrate that his alleged mental incompetence affected his ability to perfect his appeal and then file a timely habeas corpus petition.

Even if the Court were to find that this is an appropriate case for equitable tolling, the petitioner's claim has no merit. He contends that he was prevented from filing an appeal by the trial court's refusal to provide him with the proper papers and by the trial court's comment that he had no right to an appeal.

Even assuming that the petitioner had a right to appeal a "not guilty" verdict, the record indicates that he did file an appeal and that he was granted leave to waive the fees. He was then notified of a defect in the filing. His case was dismissed because he failed to correct the defect in a timely manner. It was the petitioner's failure to comply with the state court's notice, and not the trial court's conduct or comment, that deprived the petitioner of a substantive decision on his claim in the Michigan Court of Appeals.

Finally, the Court observes that the petitioner retains the right to challenge his confinement. Under Michigan law, a criminal defendant found not guilty by reason of insanity may be confined as a result of that verdict for no more than sixty days. *See* Mich. Comp. Laws § 330.3050(1). Thereafter, continued confinement can result only pursuant to the involuntary commitment procedures set forth in the Michigan Health Code. *See* Mich. Comp. Laws §§ 330.1439, 330.1516. The right to challenge continued involuntary commitment exists under state law as long as the person remains confined. *See People v. McQuillan*, 392 Mich. 511, 543, 221 N.W.2d 569, 584 (1974) ("The provisions for civil release must be available to those committed by a court of criminal jurisdiction."). There is no evidence that the petition has resorted to those remedies.

### III.

The Court concludes that the petitioner filed his habeas petition beyond the one-year deadline and that he is not entitled to equitable tolling. His petition, therefore, was filed out of time.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. # 1] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: May 3, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 3, 2010..

                                            s/Teresa Scott-Feijoo
                                            TERESA SCOTT-FEIJOO